
FILED
Jan 22, 2025
01:36 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Victor Leon | ) | Docket No.     2023-03-8938 |
| | ) | |
| v. | ) | State File No.  64322-2023 |
| | ) | |
| Bimbo Bakeries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee contends the trial court erred by concluding he was unlikely to prevail at a hearing on the merits in proving he suffered a compensable hernia. The court found that the employee did not come forward with sufficient evidence to meet the specific statutory requirements necessary to establish a compensable, work-related hernia. As such, the court determined the employee had failed to show a likelihood of proving that his hernia arose primarily out of and in the course and scope of his employment. The employee has appealed. Upon careful consideration of the record, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Victor Leon, Knoxville, Tennessee, employee-appellant, pro se

John W. Barringer, Nashville, Tennessee, for the employer-appellee, Bimbo Bakeries, Inc.

### Memorandum Opinion[1]

     Victor Leon ("Employee") alleges he sustained an abdominal hernia on July 12, 2023, while working for Bimbo Bakeries, Inc. ("Employer"). Employee informed

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2023).

Employer he had a "likely hernia" and indicated he was going to see his primary care physician, Dr. Eduardo Mendez. On July 19, Employee was diagnosed with an umbilical hernia and referred to a surgeon, Dr. Melissa Phillips, who he saw on August 9. Medical records reflect that "[Employee] noted his hernia first a year ago" and reported it "increasing in size since then." Dr. Phillips diagnosed a reducible umbilical hernia and recommended surgery.

On August 29, Employer filed a notice of denial, asserting Employee stated his injury "is a result of work performed over the past 15 months" and that he had "knowledge of [his] hernia one year ago." Employer also stated that Employee failed to report his hernia as being work-related and did not file a worker's compensation claim when he initially became aware of the hernia. On December 28, Employee filed a petition for workers' compensation benefits in which he described lifting goods into trucks that "weighed in excess of 100 pounds" without assistance. Thereafter, a dispute certification notice was issued identifying compensability, medical benefits, temporary disability benefits, and permanent disability benefits as disputed issues, and the trial court scheduled an expedited hearing for October 1, 2024.

On September 11, Employee filed a Standard Form Medical Report for Industrial Injuries ("Form C-32") completed by Dr. Mendez. On the form, Dr. Mendez indicated that the hernia was caused by "a specific incident or series of incidents," which he identified as "[r]epetitive heavy lifting." Also on the form, when asked if the employment activity was more likely than not primarily responsible for the injury and need for treatment, Dr. Mendez checked "Yes."

At the expedited hearing, Employee testified that he did not know what a hernia was but that he noticed changes around his navel in December 2022. The changes were not accompanied by pain, so he took no action and attributed the changes to having gained some weight. He explained that his pain started in July 2023, which is what prompted him to seek medical attention. Employee testified that he did not have a hernia prior to working for Employer and, in support of that assertion, pointed to a report from a Department of Transportation ("DOT") physical he underwent prior to beginning work for Employer that indicted there were no "signs of hernia."

However, during the hearing, Employee was unable to identify a specific day when the hernia ruptured or a hernia-related bulge appeared, speculating that it happened when he was performing heavy repetitive lifting in the course and scope of his employment during an unspecified period of time. The trial court ultimately determined that, although it was undisputed that Employee had developed an umbilical hernia, he had not met the statutory requirements found in Tennessee Code Annotated section 50-6-212 for establishing a compensable hernia. Specifically, the court found that Employee had not "definitely proven to the satisfaction of the court" that the hernia "appeared suddenly," that it "immediately followed the accident," or that it "did not exist prior to the accident." Tenn.

Code Ann. § 50-6-212(a) (2024). Additionally, the court noted that Employee was unable to identify a specific date on which the injury occurred and the hernia appeared. Consequently, the court concluded Employee was unlikely to prevail at a hearing on the merits in showing that he suffered a compensable hernia arising primarily out of and in the course and scope of his employment and issued an order denying Employee's request for workers' compensation benefits. Employee has appealed.

On appeal, Employee asserts that the trial court erred by failing to give sufficient weight to the DOT physical performed prior to his employment with Employer. Although we agree with Employee's assertion that the report does not indicate that Employee had a hernia before his employment with Employer began, we conclude that Employee's argument does not take into account the mandatory elements of a compensable hernia found in Tennessee Code Annotated section 50-6-212. That section expressly applies to claims for hernias "resulting from injury by accident arising primarily out of and in the course and scope of the employee's employment" and includes five criteria that must be "definitely proven to the satisfaction of the court." These are:

(1)     There was an injury resulting in hernia or rupture;
(2)     The hernia or rupture appeared suddenly;
(3)     It was accompanied by pain;
(4)     The hernia or rupture immediately followed the accident; and
(5)     The hernia or rupture did not exist prior to the accident for which compensation is claimed.

Tenn. Code Ann. § 50-6-212(a)(1)-(5).

Thus, Employee must do more than show that the hernia did not exist prior to May 2022 when he began his employment with Employer. He must also "definitely prove to the satisfaction of the court" that his hernia satisfies each element set out above. As his testimony at the expedited hearing illustrated, he is unable to do so. First, he is unable to specify when the alleged work injury occurred. He reports performing heavy lifting for Employer when he started work in May 2022, and he reports noticing a change around his navel in December 2022. However, he is unable to identify with any specificity when the hernia appeared or what he was doing when it occurred. Because he does not know when the injury occurred, he is unable to prove that it appeared suddenly. Furthermore, his testimony supports the conclusion that it was not accompanied by pain initially. He testified that he noticed the changes near his navel in December 2022, but he testified he did not experience pain associated with those changes until July 2023. Finally, because Employee cannot identify an accident resulting in injury, it is impossible to know whether the hernia immediately followed the accident.

In short, Employee's argument is, essentially, that he did not have the hernia prior to beginning work for Employer; that he did heavy lifting for Employer for some time; that

the heavy lifting must have caused the hernia; and, because the hernia was not pre-existing, it is compensable. This position, however, does not satisfy the stringent requirements of this statute. The statute governing hernias is specific as to what proof an injured worker must present to receive compensation for a work-related hernia. Here, Employee has not presented sufficient evidence to establish he will likely prevail at a hearing on the merits in proving all five elements of Tennessee Code Annotated section 50-6-212. Thus, we conclude the preponderance of the evidence supports the trial court's decision to deny benefits at this interlocutory stage of the case.

For these reasons, the trial court's decision is affirmed, and the case is remanded to the trial court. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Victor Leon | ) | Docket No. 2023-03-8938 |
| | ) | |
| v. | ) | State File No. 64322-2023 |
| | ) | |
| Bimbo Bakeries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of January, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Victor Leon | | | | X | vmleonn@yahoo.com |
| John Barringer | | | | X | jbarringer@manierherod.com pcarr@manierherod.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov